Charles M. Lizza
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Catherine T. Mattes
Elizabeth Murphy
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Soojin Park
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005

*Attorneys for Plaintiffs*
*Takeda Pharmaceuticals U.S.A., Inc. and*
*ViroPharma Biologics LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAKEDA PHARMACEUTICALS U.S.A., INC. and VIROPHARMA BIOLOGICS LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>LUPIN, LTD. and LUPIN PHARMACEUTICALS, INC.,<br>*Defendants*. | Civil Action No. 25-12574 (RK)(TJB)<br><br>(Filed Electronically)<br><br>**TAKEDA PHARMACEUTICALS U.S.A., INC. AND VIROPHARMA BIOLOGICS LLC'S ANSWER TO LUPIN LTD.'S COUNTERCLAIMS** |

Plaintiffs Takeda Pharmaceuticals U.S.A., Inc. ("TPUSA") and ViroPharma Biologics LLC ("ViroPharma") (collectively, "Plaintiffs") hereby answer the numbered paragraphs of the counterclaims filed by Lupin Ltd. on September 22, 2025 (ECF No. 22), as set forth in "Defendants' Answer to Complaint for Patent Infringement, Affirmative Defenses, and Counterclaims" (hereinafter, "Counterclaims"). Except as expressly admitted, all allegations are denied.

## COUNTERCLAIMS

## NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., the Hatch-Waxman Act, 21 U.S.C. §§ 355(j) et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 1 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiffs admit that the Court has declaratory judgment jurisdiction over Lupin Ltd.'s Counterclaims as to U.S. Patent Nos. 11,260,064 ("the '064 patent") and 11,564,934 ("the '934 patent") (collectively, "the patents-in-suit"), and admit that there is an actual and justiciable controversy between the parties, but Plaintiffs deny that Lupin Ltd. is entitled to any of the relief that it seeks, and, except as so admitted, deny the remaining allegations of paragraph 1.

2. These counterclaims are for declaratory judgment of noninfringement and invalidity of U.S. Patent Nos. 11,260,064 ("the '064 patent") and 11,564,934 ("the '934 patent") (collectively, the "Counterclaim Patents").

**ANSWER:** Paragraph 2 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiffs admit that a case or controversy exists with respect to the patents-in-suit, but Plaintiffs deny that Lupin Ltd. is entitled to any of the relief that it seeks, and, except as so admitted, deny the remaining allegations of paragraph 2.

3. The Counterclaim Patents are listed in the electronic version of the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for EOHILIA®.

**ANSWER:** Plaintiffs admit that the patents-in-suit are listed in the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to EOHILIA®. Except as so admitted, Plaintiffs deny the allegations of paragraph 3.

**PARTIES**

4. Lupin Ltd. is a cooperation organized and existing under the laws of India, having a principal place of business at Kalpataru Inspire, 3rd Floor, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

**ANSWER:** On information and belief, Plaintiffs admit the allegations of paragraph 4.

5. Upon information and belief, TPUSA is a corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

**ANSWER:** Plaintiffs admit the allegations of paragraph 5.

6. Upon information and belief, ViroPharma is a corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 300 Shire Way, Lexington, Massachusetts 02421.

**ANSWER:** Plaintiffs admit the allegations of paragraph 6.

**JURISDICTION AND VENUE**

7. This action is for declaratory judgment that Lupin Ltd. has not, does not, and will not infringe any valid and enforceable claim of the Counterclaim Patents.

**ANSWER:** Paragraph 7 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiffs admit that Lupin Ltd. purports to seek declaratory judgment, but Plaintiffs deny that Lupin Ltd. is entitled to any of the relief that it seeks, and except as so admitted, deny the remaining allegations of counterclaim paragraph 7.

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, the Hatch-Waxman Act, 21 U.S.C. §§ 355(j) *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 8 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiffs admit that the Court has declaratory judgment jurisdiction over Lupin Ltd.'s Counterclaims as to the patents-in-suit for purposes of this specific action only, and admit that there is an actual and justiciable controversy between the parties, but Plaintiffs deny that Lupin Ltd. is entitled to any of the relief that it seeks, and, except as so admitted, deny the remaining allegations of paragraph 8.

9. The Court has subject matter jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these counterclaims involve substantial claims arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq*.

**ANSWER:** Paragraph 9 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiffs admit that this Court has subject matter jurisdiction over Lupin Ltd.'s Counterclaims as to the patents-in-suit for purposes of this specific action only, and admit that there is an actual and justiciable controversy between the parties, but Plaintiffs deny that Lupin Ltd. is entitled to any of the relief that it seeks, and, except as so admitted, deny the allegations of paragraph 9.

10. This Court may declare the rights and other legal relations of the parties pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, 21 U.S.C. § 355(j)(5)(C), and 35 U.S.C. § 271(e)(5) because this is a case of actual controversy within the Court's jurisdiction seeking a declaratory judgment that the Counterclaim Patents are not and will not be infringed by Lupin Ltd. and/or are invalid.

**ANSWER:** Paragraph 10 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiffs admit that this Court has subject matter jurisdiction over Lupin Ltd.'s Counterclaims as to the patents-in-suit for purposes of this specific action only, and admit that there is an actual and justiciable controversy between the

parties, but Plaintiffs deny that Lupin Ltd. is entitled to any of the relief that it seeks, and, except as so admitted, deny the allegations of paragraph 10.

11. The Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants have commenced and continue to maintain this action against Lupin Ltd. in this judicial district.

**ANSWER:** Paragraph 11 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs for purposes of adjudicating Lupin Ltd.'s Counterclaims as to the patents-in-suit, but Plaintiffs deny that Lupin Ltd. is entitled to any of the relief that it seeks, and, except as so admitted, deny the allegations of paragraph 11.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Counterclaim Defendants commenced and continue to maintain this action against Lupin Ltd. in this judicial district.

**ANSWER:** Paragraph 12 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiffs admit that venue is proper to adjudicate this action, but, except as so admitted, Plaintiffs deny the allegations of paragraph 12.

## FACTUAL BACKGROUND

13. Upon information and belief, on March 1, 2022, the '064 patent, entitled "Stable Corticosteroid Compositions" was issued to ViroPharma as assignee of inventor Ramalingeswar Kasina. A copy of the '064 patent is attached to the Complaint as Exhibit A.

**ANSWER:** Plaintiffs admit that on March 1, 2022, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '064 patent, titled, "Stable Corticosteroid Compositions," admit that ViroPharma is the owner of the '064 patent on assignment from inventor Ramalingeswar Kasina, and admit that a copy of the '064 patent is attached to Plaintiffs' Complaint as Exhibit A. Except as so admitted, Plaintiffs deny the allegations of paragraph 13.

14. Upon information and belief, on January 31, 2023, the ’934 patent, entitled “Stable Corticosteroid Compositions” was issued to ViroPharma as assignee of inventor Ramalingeswar Kasina. A copy of the ’934 patent is attached to the Complaint as Exhibit B.

**ANSWER:** Plaintiffs admit that on January 31, 2023, the USPTO duly and lawfully issued the ’934 patent, titled, “Stable Corticosteroid Compositions,” admit that ViroPharma is the owner of the ’934 patent on assignment from inventor Ramalingeswar Kasina, and admit that a copy of the ’934 patent is attached to Plaintiffs’ Complaint as Exhibit B. Except as so admitted, Plaintiffs deny the allegations of paragraph 14.

15. Upon information and belief, and based on the allegations in the Complaint, TPUSA is the holder of New Drug Application (“NDA”) No. 213976 for budesonide suspension for oral use, which is prescribed and sold under the trademark EOHILIA®.

**ANSWER:** Plaintiffs admit that TPUSA holds approved New Drug Application (“NDA”) No. 213976 for budesonide suspension for oral use, which is prescribed and sold under the trademark EOHILIA®. Except as so admitted, Plaintiffs deny the allegations of paragraph 15.

16. Lupin Ltd. filed Abbreviated New Drug Application (“ANDA”) No. 220382 seeking FDA approval for budesonide suspension for oral use, 2 mg/10 mL (“Lupin Ltd.’s ANDA Product”).

**ANSWER:** Plaintiffs admit on information and belief that Lupin Ltd. and Lupin Pharmaceuticals, Inc. submitted ANDA No. 220382 (“Lupin’s ANDA”) seeking FDA approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of budesonide suspension for oral use, 2 mg/10 mL (the “ANDA Product”), prior to the expiration of the patents-in-suit. Except as so admitted, Plaintiffs deny the allegations of paragraph 16.

17. By letter dated May 19, 2025 (“Lupin Ltd.’s Notice Letter”), Lupin Ltd. notified Counterclaim Defendants in writing that it had filed ANDA No. 220382 with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (“Paragraph IV Certification”) that the Counterclaim Patents are invalid, unenforceable, and/or will not be infringed by the products that are the subject of ANDA No. 220382.

**ANSWER:** Plaintiffs admit that Plaintiffs received a letter dated May 19, 2025 ("Lupin's Notice Letter"), in which Lupin Ltd. and Lupin Pharmaceuticals, Inc., purportedly pursuant to Section 505(j)(2)(B)(iv) of the FD&C Act and 21 C.F.R. § 314.95, notified Plaintiffs that Lupin Ltd. and Lupin Pharmaceuticals, Inc. had submitted Lupin's ANDA to the FDA with a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") seeking approval to commercially manufacture, use, sell, offer for sale, or import Lupin's ANDA Product before expiration of the patents-in-suit, but Plaintiffs deny the legitimacy of Lupin Ltd. and Lupin Pharmaceuticals, Inc.'s arguments in Lupin's Notice Letter, and, except as so admitted, deny the allegations of paragraph 17.

18. Pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), Lupin Ltd.'s Notice Letter was accompanied by a detailed statement of the factual and legal bases for Lupin Ltd.'s Paragraph IV Certification that the Counterclaim Patents are invalid, unenforceable, and/or will not be infringed.

**ANSWER:** Plaintiffs admit that Lupin Ltd. and Lupin Pharmaceuticals, Inc. purport to provide, pursuant to Section 505(j)(2)(B)(iv) of the FD&C Act and 21 C.F.R. § 314.95(c)(7), a statement of the factual and legal bases for their Paragraph IV Certification in Lupin's Notice Letter dated May 19, 2025, but Plaintiffs deny the legitimacy of Lupin Ltd. and Lupin Pharmaceutical Inc.'s arguments in their Notice Letter, and, except as so admitted, deny the allegations of paragraph 18.

19. Counterclaim Defendants have accused Lupin Ltd. of infringing claims of the Counterclaim Patents in connection with ANDA No. 220382.

**ANSWER:** Plaintiffs admit that Plaintiffs assert claims of infringement against Lupin Ltd. and Lupin Pharmaceuticals, Inc. in connection with submission of ANDA No. 220382 and the manufacture, use, sale, or offer for sale in, or importation into, the United States of Lupin's ANDA Product. Except as so admitted, Plaintiffs deny the allegations of paragraph 19.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE COUNTERCLAIM PATENTS

20. Lupin Ltd. repeats and realleges the allegations in paragraphs 1-21 [sic] of its counterclaims as if fully set forth herein.

**ANSWER:** Plaintiffs hereby reallege as if fully set forth herein each of the foregoing paragraphs.

21. Lupin Ltd. has not, and does not, infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable, properly construed claim of the Counterclaim Patents, including for at least the reasons set forth in the detailed statement included with Lupin Ltd.'s Notice Letter.

**ANSWER:** Plaintiffs deny the allegations of paragraph 21.

22. The manufacture, use, sale, or offer for sale within, and/or importation into, the United States of Lupin Ltd.'s ANDA Product will not constitute infringement (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), or any valid, enforceable, properly construed claim of the Counterclaim Patents

**ANSWER:** Plaintiffs deny the allegations of paragraph 22.

23. Lupin Ltd. is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of Lupin Ltd.'s ANDA Product does not, and would not if marketed, infringe any valid and/or enforceable claim of the Counterclaim Patents.

**ANSWER:** Plaintiffs deny the allegations of paragraph 23.

24. Unless Counterclaim Defendants are enjoined, Counterclaim Defendants will continue to assert that Lupin Ltd.'s ANDA Product is infringing the claims of the Counterclaim Patents and will continue to interfere with Lupin Ltd.'s business with respect to Lupin Ltd.'s ANDA Product and its manufacture, use, offer for sale and sale.

**ANSWER:** Plaintiffs deny the allegations of paragraph 24.

25. Lupin Ltd. will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the Counterclaim Patents and from interfering with Lupin Ltd.'s business.

**ANSWER:** Plaintiffs deny the allegations of paragraph 25.

26. There is a definite and concrete, real and substantial, justiciable, and continuing case or controversy existing between the parties regarding the non-infringement of the Counterclaim Patents that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 26 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiffs admit that there is an actual and justiciable controversy between the parties as to infringement of the patents-in-suit, but, except as so admitted, Plaintiffs deny the allegations of paragraph 26.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE COUNTERCLAIM PATENTS**

27. Lupin Ltd. repeats and realleges the allegations in paragraphs 1-28 [sic] of its counterclaims as if fully set forth herein.

**ANSWER:** Plaintiffs hereby reallege as if fully set forth herein each of the foregoing paragraphs.

28. Lupin Ltd. does not infringe the Counterclaim Patents and the claims of the Counterclaim Patents are invalid for failure to meet one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq*., including without limitation §§ 101, 102, 103, 112, and/or double patenting, and including for at least the reasons set forth in the detailed statement included with Lupin Ltd.'s Notice Letter.

**ANSWER:** Plaintiffs deny the allegations of paragraph 28.

23. [sic] The alleged inventions of the Counterclaim Patents were patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for the Counterclaim Patents in the United States.

**ANSWER:** Plaintiffs deny the allegations of paragraph 23 [sic], immediately above.

29. The alleged inventions of the Counterclaim Patents do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the Counterclaim Patents is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the Counterclaim Patents and would have had a reasonable expectation of success in doing so.

**ANSWER:** Plaintiffs deny the allegations of paragraph 29.

30. The claims of the Counterclaim Patents are invalid at least under 35 U.S.C. § 103 in view of the prior art. The differences between the subject matter claimed in the Counterclaim Patents and the prior art are such that the subject matter as a whole would have been obvious at

the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Plaintiffs deny the allegations of paragraph 30.

31. Unless Counterclaim Defendants are enjoined, Counterclaim Defendants will continue to assert that Lupin Ltd.'s ANDA Product is infringing the claims of the Counterclaim Patents and will continue to interfere with Lupin Ltd.'s business with respect to Lupin Ltd.'s ANDA Product and its manufacture, use, offer for sale and sale.

**ANSWER:** Plaintiffs deny the allegations of paragraph 31.

32. Lupin Ltd. will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the Counterclaim Patents and from interfering with Lupin Ltd.'s business.

**ANSWER:** Plaintiffs deny the allegations of paragraph 32.

33. There is a definite and concrete, real and substantial, justiciable, and continuing case or controversy existing between the parties regarding the invalidity of the Counterclaim Patents that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 33 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiffs admit that there is an actual and justiciable controversy between the parties as to validity of the patents-in-suit, but, except as so admitted, Plaintiffs deny the allegations of paragraph 33.

34. Lupin Ltd. is entitled to a declaratory judgment that the claims of the Counterclaim Patents are invalid.

**ANSWER:** Plaintiffs deny the allegations of paragraph 34.

## PRAYER FOR RELIEF

Plaintiffs deny that Lupin Ltd. is entitled to any relief on its Counterclaims, either as prayed for in its pleading or otherwise.

## PLAINTIFFS' AFFIRMATIVE DEFENSE

Without prejudice to the denials set forth in this Answer and to the ability to amend this Answer to seek and allege any and all defenses not presently known or that are revealed during

the course of discovery or otherwise, Plaintiffs assert the following affirmative defense in response to Lupin Ltd.'s Counterclaims:

**Failure to State a Claim**

The Counterclaims fail to state any claim for which relief may be granted.

Dated: October 28, 2025

By: s/ Alexander L. Callo
Charles M. Lizza
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Takeda Pharmaceuticals U.S.A., Inc.*
*and ViroPharma Biologics LLC*

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Catherine T. Mattes
Elizabeth Murphy
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Soojin Park
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005